UNITED STATES of America

v.

**Edward COPELAND, Virgil Rivers and Robertino Vasquez, Defendants.**

No. 03–CR–1120.

United States District Court,
E.D. New York.

Sept. 20, 2004.

Alyssa A. Qualls, New York, NY, for Plaintiff.

Michael Padden, Brooklyn, NY; and Paul J. McAllister, New York, NY, for Defendants.

**MEMORANDUM & ORDER**

BLOCK, District Judge.

**I.**

Robertino Vasquez ("Vasquez"), Edward Copeland ("Copeland") and Virgil Rivers ("Rivers") are scheduled to be jointly tried for, *inter alia*, robbing Dime Savings Bank of Williamsburgh ("Dime Bank"). The government contends that Rivers and Vasquez entered and robbed Dime Bank and subsequently left in a vehicle driven by Copeland. In open court on September 15, 2004, counsel for Vasquez represented

to the Court that he will elicit testimony that one or more witnesses identified Rivers and Copeland—not Vasquez—as the individuals who entered and robbed Dime Bank.[1] The government then confirmed to the Court that although witnesses had, in fact, identified Rivers and Copeland, the government does not intend to call those witnesses during its case in chief, as their testimony would be contrary to its theory of the case. In light of this newly provided information, Copeland renewed his motion to sever.[2] For the reasons set forth below, the Court grants Copeland's motion. Copeland and Rivers will be jointly tried as scheduled, beginning September 20, 2004; Vasquez will be tried upon the conclusion of Copeland and Rivers's trial.

## II.

■ "If the joinder of ... defendants ... appears to prejudice a defendant or the government, the court may ... sever the defendants' trials, or provide any other relief that justice requires." Fed. R.Crim. Pro. 14(a). "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (citations omitted). The Court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539, 113 S.Ct. 933. "Less drastic measures, such as limiting instruc-

tions, often will suffice to cure any risk of prejudice." *Id.*

■ While "[m]utually antagonistic defenses are not prejudicial *per se* [,]" *id.* at 538, 113 S.Ct. 933, the Second Circuit has determined that "mutually antagonistic or irreconcilable defenses may be so prejudicial *in some circumstances* as to mandate severance." *United States v. Salameh*, 152 F.3d 88, 116 (2d Cir.1998) (internal citations and quotations omitted) (emphasis added). One such case may be where, as here, "in effect, a defendant's counsel becomes a second prosecutor...." *United States v. Volpe*, 42 F.Supp.2d 204, 210 (E.D.N.Y.1999) (quoting *United States v. Tootick*, 952 F.2d 1078 (9th Cir.1991)) (internal quotations omitted).

■ A jury cannot logically accept both Copeland's and Vasquez's defenses as true: Copeland's theory of defense (i.e., he was not involved in the bank robbery) is mutually antagonistic to Vasquez's theory (i.e., Copeland—not Vasquez—entered the bank to commit the robbery). Essentially, Vasquez will act as a second prosecutor of Copeland: The jury may convict Copeland based upon either the government's theory or Vasquez's theory.

■ The Court agrees with the government that mere finger pointing among codefendants is not sufficient to warrant severance. *See* Gov't's Letter Brief at 3–4 (citing *United States v. Haynes*, 16 F.3d 29, 31–32 (2d Cir.1994) (affirming denial of severance where defendant was implicated by co-defendant's testimony); *United*

---

1. In a telephone conversation with the Court's chambers on Friday, September 17, 2004, Counsel for Vasquez unequivocally represented that he will introduce this identification testimony; such testimony will be elicited either directly from the witnesses who made the identification or from the police officer who was present when the identifications were made.

2. Copeland initially moved to sever his trial from both Vasquez and Rivers on the ground that his defense would be mutually antagonistic to his co-defendants' defenses. In open court on September 14, 2004, the Court denied Copeland's motion.

*States v. Diaz,* 176 F.3d 52, 103–04 (2d Cir.1999) (same); *United States v. Harwood,* 998 F.2d 91, 95–96 (2d Cir.1993) (same)). The issue before the Court, however, is different: namely, whether severance is warranted when a co-defendant offers, in contradiction of the government's theory, a neutral third party's exculpatory identification testimony implicating another codefendant.

Granting a severance under these rare circumstances will not set a new standard of severance to be applied in virtually every conspiracy case. Indeed, no party has provided, nor has the Court found, a case addressing this narrow issue. Vasquez has not simply made vague and unsupported allegations against his co-defendants; he has averred specific facts that will be elicited by neutral witness testimony. The prejudice stemming from a neutral third party's identification testimony is far more prejudicial than mere self-serving finger-pointing testimony by co-defendants. A limiting instruction cannot effectively mitigate such prejudice; severance is warranted.

**SO ORDERED.**